MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ISIDORO VELAZQUEZ DIAZ, *individually and*
*on behalf of others similarly situated,*

                *Plaintiff,*

           -against-

KOUROS RESTAURANT CORP.  (d/b/a
KOUROS BAY DINER), PETER
GIANNAKOUROS and ESTATE OF GEORGE
GIANNAKOUROS,

              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Isidoro Velazquez Diaz ("Plaintiff Velazquez" or "Mr. Velazquez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Kouros Restaurant Corp. (d/b/a Kouros Bay Diner) ("Defendant Corporation"), Peter Giannakouros and Estate of George Giannakouros (collectively, "Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiff Velazquez is a former employee of Defendants Kouros Restaurant Corp. (d/b/a Kouros Bay Diner), Peter Giannakouros and Estate of George Giannakouros.

      2.     Kouros Bay Diner is a Diner owned by Peter Giannakouros and the Estate of George Giannakouros located at 3861 Nostrand Avenue, Brooklyn, NY 11235.

3.      Upon information and belief, Defendants Peter Giannakouros and George Giannakouros serve or served as owners, managers, principals and/or agents of Defendant Corporation and through this corporate entity operate or operated the Diner.

4.      Plaintiff Velazquez is a former employee of Defendants.

5.      Plaintiff Velazquez was ostensibly employed as a busboy and delivery worker, but he was required to spend a significant amount of time each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning tables and workplace, and cleaning the basement and bringing items up from and to the basement (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Velazquez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Velazquez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Velazquez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Velazquez as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Velazquez and all other delivery workers at a rate that was lower than the required tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Velazquez's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Velazquez's actual duties in payroll records to avoid paying Plaintiff Velazquez at the minimum wage rate, and to enable them to pay Plaintiff Velazquez at the lower tip-credited rate (which they still failed to do),by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Velazquez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Velazquez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Velazquez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Velazquez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiff Velazquez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Velazquez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Velazquez is an adult individual residing in Kings County, New York.

20.     Plaintiff Velazquez was employed by Defendants from approximately June 2012 until on or about March 2013 and from approximately July 2014 until on or about March 17, 2016.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Velazquez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a Diner located at 3861 Nostrand Avenue, Brooklyn, NY 11235 under the name "Kouros Bay Diner".

23.     Upon information and belief, Kouros Restaurant Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.   Upon information and belief, it maintains its principal place of business at 3861 Nostrand Avenue, Brooklyn, NY 11235.

24.     Defendant Peter Giannakouros is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Peter Giannakouros is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant Peter Giannakouros possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

26.     Defendant Peter Giannakouros determined the wages and compensation of the employees of Defendants, including Plaintiff Velazquez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.     Upon information and belief, George Giannakouros is deceased, having passed away in 2015.

28.     Defendant George Giannakouros is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant George

Giannakouros is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

29.     Defendant George Giannakouros possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

30.     Defendant George Giannakouros determined the wages and compensation of the employees of Defendants, including Plaintiff Velazquez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.     Defendants operate a Diner located at 3861 Nostrand Avenue, Brooklyn, NY 11235.

32.     Individual Defendants Peter Giannakouros and George Giannakouros possess and possessed operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Velazquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Velazquez, and all similarly situated individuals, referred to herein.

6

35.     Defendants jointly employed Plaintiff Velazquez, and all similarly situated individuals, and are Plaintiff Velazquez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Velazquez and/or similarly situated individuals.

37.     Upon information and belief, individual defendants Peter Giannakouros and George Giannakouros operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)     operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Velazquez's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff Velazquez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Velazquez's services.

40.     In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Diner on a daily basis, such as tomatoes and peppers, were produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Velazquez is a former employee of Defendants ostensibly employed as a delivery worker and busboy, but who spent a considerable amount of time performing the non-delivery, non-tip duties outlined above.

43.     Plaintiff Velazquez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Isidoro Velazquez Diaz*

44.     Plaintiff Velazquez was employed by Defendants from approximately June 2012 until on or about March 2013 and from approximately July 2014 until on or about March 17, 2016.

8

41.     At all relevant times, Plaintiff Velazquez was ostensibly employed by Defendants as a delivery worker and busboy.

*42.*     However, Plaintiff Velasquez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

*43.*     Although Plaintiff Velasquez was ostensibly employed as a delivery worker, he spent over 20% of his workday performing non-delivery work throughout his employment with Defendants.

44.     Plaintiff Velazquez regularly handled goods in interstate commerce produced outside of the State of New York.

45.      Plaintiff Velazquez's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Velazquez regularly worked in excess of 40 hours per week.

47.     From approximately June 2012 until on or about March 2013 and from approximately July 2014 until on or about March 17, 2016, Plaintiff Velazquez worked from approximately 4:00 p.m. until on or about 12:30 a.m. Tuesdays through Thursdays, from approximately 4:00 p.m. until on or about 2:00 or 2:30 a.m. Fridays, from approximately 12:00 p.m. until on or about 2:00 or 2:30 a.m. Saturdays and from approximately 12:00 p.m. until on or about 12:30 a.m. Sundays (typically 60-63 hours per week).

48.     Throughout his employment with Defendants, Plaintiff Velazquez was paid his wages in cash.

9

49.     From approximately June 2012 until on or about February or March 2013 and from approximately July 2014 until on or about March 17, 2016, Plaintiff Velazquez was paid a fixed salary of $170 per week.

50.     Plaintiff Velazquez's wages did not vary regardless of how many additional hours he worked in a week.

51.     For example, Defendants required Plaintiff Velazquez to work 30 minutes past his scheduled departure time regularly, without paying him any additional compensation.

52.     Defendants never granted Plaintiff Velazquez any break or meal periods of any length.

53.     Plaintiff Velazquez was never notified by Defendants that his tips would be included as an offset for wages.

54.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Velazquez's wages.

55.     Defendants did not provide Plaintiff Velazquez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56.     Plaintiff Velazquez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

57.     Defendants never provided Plaintiff Velazquez with a written notice, in English and in Spanish (Plaintiff Velazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Velazquez regarding overtime and wages under the FLSA and NYLL.

59.     Defendants required Plaintiff Velazquez to purchase "tools of the trade" with his own funds—including an electric bicycle, extra battery, a helmet, uniform pants, shoes, shirts and vests and bicycle maintenance and repair expenses, including an extra battery.

*Defendants' General Employment Practices*

60.     Defendants regularly required their employees, including Plaintiff Velazquez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Velazquez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

62.     At no time did Defendants inform their employees, including Plaintiff Velazquez, that they had reduced their hourly wages by a tip allowance.

63.     Defendants habitually required their employees, including Plaintiff Velazquez, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

64.     Defendants required all delivery workers, including Plaintiff Velazquez, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

65.     Plaintiff Velazquez, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

11

66.     Plaintiff Velasquez and all other delivery workers were not paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

67.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received.   (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

68.     The delivery worker's, including Plaintiff Velazquez's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff Velazquez and other delivery workers as tipped employees when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.     In addition, Defendants did not even pay Plaintiff Velazquez and other delivery workers at the tip-credited rate.

71.     Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Velazquez, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

72.     Plaintiff Velazquez was paid his wages entirely in cash.

73.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

74.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Velazquez, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

75.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Velazquez, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Velazquez's, relative lack of sophistication in wage and hour laws.

76.     Defendants failed to provide Plaintiff Velazquez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

77.     Defendants failed to provide Plaintiff Velazquez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78.     Plaintiff Velazquez brings his FLSA minimum wage, overtime premiums and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

79.     At all relevant times, Plaintiff Velazquez, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required mimimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against the FLSA Class' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

80.     The claims of Plaintiff Velazquez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

81.   Plaintiff Velazquez repeats and realleges all paragraphs above as though fully set forth herein.

82.   At all times relevant to this action, Defendants were Plaintiff Velazquez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Velazquez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

83.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

85.   Defendants failed to pay Plaintiff Velazquez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

86.   Defendants' failure to pay Plaintiff Velazquez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.   Plaintiff Velazquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

88.   Plaintiff Velazquez repeats and realleges all paragraphs above as though fully set forth herein.

15

89.     At all times relevant to this action, Defendants were Plaintiff Velazquez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Velazquez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

92.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Velazquez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.     Defendants' failure to pay Plaintiff Velazquez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.      Plaintiff Velazquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

95.     Plaintiff Velazquez repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Velazquez

overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

97.     Defendants' failure to pay Plaintiff Velazquez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Velazquez was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

99.     Plaintiff Velazquez repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiff Velazquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Velazquez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

101.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Velazquez (and the FLSA Class members) less than the minimum wage.

102.    Defendants' failure to pay Plaintiff Velazquez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Velazquez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

17

**OF THE NEW YORK COMISSIONER OF LABOR**

104.    Plaintiff Velazquez repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to pay Plaintiff Velazquez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Velazquez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

106.    Defendants' failure to pay Plaintiff Velazquez an additional hour's pay for each day Plaintiff Velazquez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

107.    Plaintiff Velazquez was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

108.    Plaintiff Velazquez repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiff Velazquez with a written notice, in English and in Spanish (Plaintiff Velazquez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

110.    Defendants are liable to Plaintiff Velazquez in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

111.     Plaintiff Velazquez repeats and realleges all paragraphs above as though set forth fully herein.

112.     Defendants did not provide Plaintiff Velazquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

113.     Defendants are liable to Plaintiff Velazquez in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

114.     Plaintiff Velazquez repeats and realleges all paragraphs above as though set forth fully herein.

115.     Defendants required Plaintiff Velazquez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

116.     Plaintiff Velazquez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Velazquez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Velazquez and the FLSA class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Velazquez and the FLSA class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Velazquez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Velazquez and the FLSA class members;

(f)      Awarding Plaintiff Velazquez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Velazquez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Velazquez and the members of the FLSA Class;

(i)      Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiff Velazquez and the members of the FLSA Class;

(j)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Velazquez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Velazquez and the FLSA Class members;

(l)      Awarding Plaintiff Velazquez and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(m)      Awarding Plaintiff Velazquez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Velazquez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Declaring that Defendants' violations of NYLL § 191 was willful as to Plaintiff Velazquez and the FLSA class members;

(p)      Awarding Plaintiff Velazquez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Velazquez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

     (s)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
      April 14, 2016

                                MICHAEL FAILLACE & ASSOCIATES, P.C.


                              /s/ Michael Faillace
                        By:   Michael A. Faillace [MF-8436]
                              60 East 42nd Street, Suite 2540
                              New York, New York 10165
                              (212) 317-1200
                              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

March 24, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Isidoro Velazquez Diaz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     24 de marzo de 2016